In the Matter of the Application of HERBERT A. WARDEN, Appellant. POLICE DEPARTMENT OF THE CITY OF NEWBURGH et al., Respondents.

Argued October 4, 1949; decided October 14, 1949.

*Henry Grusky,* individually, for petitioner-appellant, and, as *Corporation Counsel,* for Lemma B. Crabtree, as City Clerk of the City of Newburgh, respondent. I. Chapter 590 of the Laws of 1917 of the State of New York, as amended (the Charter of the City of Newburgh) is and was intended to be a skeleton of framework of the governmental structure. II. There is no valid relation between the proposed local law for submission and the existing provisions of the Charter of the City of Newburgh. (*Matter of Astwood* v. *Cohen,* 291 N. Y. 484; *Mills* v. *Sweeney,* 219 N. Y. 213; *Burke* v. *Kern,* 287 N. Y. 203; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401; *Matter of Maylender* v. *Morrison,* 260 App. Div. 892, 284 N. Y. 575; *Matter of Steinberg* v. *Meisser,* 291 N. Y. 685; *Livermore* v. *Waite,* 102 Cal. 113.) III. The proposed amendment does not come within the purpose, intent, contemplation or authority of section 19-a of the City Home Rule Law. (*Schroeder* v. *Zehrung,* 108 Neb. 573; *Dooling* v. *City Council of City of Fitchburg,* 242 Mass. 599; *Long* v. *City of Portland,* 53 Ore. 92; *Brazell* v. *Zeigler,* 26 Okla. 826; *Kleiber* v. *City & Co. of San Francisco,* 18 Cal. 2d 718; *Keigley* v. *Bench,* 97 Utah 69; *Murphy* v. *Gilman,* 204 Iowa 58; *Hopping* v. *Council of Richmond,* 170 Cal. 605; *People ex rel. Holvey* v. *Kapp,* 355 Ill. 596; *Meade* v. *Dane County,* 155 Wis. 632.)

*Donald A. Walsh* for New York State Conference of Mayors and Other Municipal Officials, *amicus curiæ,* in support of appellant's position. Only legislative acts are the proper subject for initiative and referendum. (*Seaton* v. *Lackey,* 298 Ky. 188; *Keigley* v. *Bench,* 97 Utah 69; *State of Washington* v. *City of Spokane,* 17 Wn. [2d] 24; *Dwyer* v. *City Council of City of Berkeley,* 200 Cal. 505.)

*Henry Hirschberg* and *Ernest M. Levinson* for Police Department of the City of Newburgh and another, respondents. I. *Matter of Astwood* v. *Cohen* (291 N. Y. 484) does not invalidate the police petition. (*Matter of Maylender* v. *Morrison,* 284 N. Y. 575.) II. The police petition is valid and within the scope of the City Home Rule Law. (*Burke* v. *Kern,* 287 N. Y. 203; *Johnson* v. *Etkin,* 279 N. Y. 1; *Matter of Steinberg* v. *Meisser,* 181 Misc. 433; *Matter of Arditti* v. *Jacobson,* 180 Misc. 884; *Matter of Mooney* v. *Cohen,* 272 N. Y. 33; *Matter of Grenfell* [*Lawyer*], 185 Misc. 558, 269 App. Div. 600, 294 N. Y. 610; *State*

v. *Charles,* 136 Kan. 875; *People ex rel. Hovey* v. *Smith,* 260 Ill. App. 166; *State ex rel. Leo* v. *Tacoma,* 184 Wash. 160; *State ex rel. Knaz* v. *Seattle,* 176 Wash. 283; *State* v. *Eastcott,* 53 S. D. 191.)

*Edward G. O'Neill* for Newburgh Firemen's Welfare Association, *amicus curiæ,* in support of respondents' position. I. The City Home Rule Law recognizes that orderly government may require change or curtailment of the powers of a local legislative body, and provides procedure for such change. II. The proposed amendment herein is a valid charter amendment within the scope of section 19-a of the City Home Rule Law. (*Matter of Maylender* v. *Morrison,* 260 App. Div. 892, 284 N. Y. 575; *Matter of Astwood* v. *Cohen,* 291 N. Y. 484.)

*Charles H. Gaffney* for Kingston Patrolmen's Association, *amicus curiæ,* in support of respondents' position. A local law amending a city charter so as to provide for a mandatory minimum salary for certain city employees is within the purview of the City Home Rule Law. (*Matter of Astwood* v. *Cohen,* 291 N. Y. 484; *Matter of Steinberg* v. *Meisser,* 291 N. Y. 685.)

LOUGHRAN, Ch. J. This case presents questions as to the scope and meaning of several provisions of the City Home Rule Law.

On May 18, 1949, there was filed with the City Clerk of the City of Newburgh a petition for submission to the electors of the city of a proposed local law which would alter the city charter by adding thereto a provision fixing minimum annual salaries for members of the police department of the city. After making an examination thereof, the clerk was of opinion that the petition was legally insufficient and so certified to the council of the city. (See City Home Rule Law, §§ 16, 19-a.)

Within thirty days after the filing of the petition, a taxpayer of the city brought the present proceeding in the Supreme Court for an order denying the right of the electors to enact the proposed local law. In substance his objections were these: (1) the proposed local law has no relation to any provision of the existing city charter; (2) the power to fix salaries is administrative rather than legislative in character and is now validly confided by the charter solely to the council of the city. These objections were dismissed at Special Term. The Appellate Division

affirmed, two Justices dissenting. The objecting taxpayer now presses upon us his challenge to the proposed local law.

He relies in the main upon our decision in *Matter of Astwood* v. *Cohen* (291 N. Y. 484), a case in which we were called upon to determine the validity of a referendum petition filed pursuant to section 19-a of the City Home Rule Law. The local law there proposed would have provided a bonus to the policemen and firemen of the city of New York. In that city, however, the salaries of the policemen and firemen were then and are now fixed by an administrative code and not by any charter provision. In the *Astwood* case (*supra,* pp. 488, 489) this court in 1943, held the chief question to be whether " the proposed law is in truth an amendment of the Charter or is so far unrelated to the Charter as to be an amendment only in name. * * * In applying the statutory test to the proposed local law we must relate the law to the short form Charter of the City of New York and determine whether the law is in truth an amendment of the Charter or is merely labeled as such." Under that test, this court in the *Astwood* case rejected the local law there in question.

But the Charter of the City of Newburgh is no mere skeleton or framework of governmental structure like the Charter of the City of New York. The Newburgh Charter contains many provisions in respect of such matters as assessments and local taxes, the operation and control of public works, the supply of water and charges therefor, and the organization and regulation of the police and fire departments. Furthermore, the City of Newburgh has no administrative code such as was enacted to harmonize with the short-form Charter of the City of New York. In a word, the *Astwood* case (*supra*) affords no solution of the first issue here presented.

On the other hand, the answer to that problem is dictated by amendments made in 1944 to sections 2 and 19-a of the City Home Rule Law. The amendment to section 2 added a new subdivision 5 in these words: " (5) the term ' charter amendment ' means any change in an existing charter presented as such under authority of this chapter or any charter or state statute. A charter amendment may be of any extent and may deal with any number of subjects. A proposal presented as a charter amendment shall not be rejected as such on the ground that it constitutes a new charter." (L. 1944, ch. 602.) The amendment to section 19-a made that section applicable to a local law

amending a city charter " however extensively ". (L. 1944, ch. 602.) There is no escape from words so plainly used. In the light thereof, the present proposed local law cannot be successfully questioned on the score of its being wholly alien to the text of the Charter of the City of Newburgh.

Whether the above 1944 amendments to the City Home Rule Law permit additions to a short-form charter of matters unrelated to existing provisions thereof is a question which is not here presented.

The second objection of the taxpayer — that the power to fix salaries is administrative rather than legislative in character and hence is not subject to the power of referendum — can be shortly disposed of. The above amendments to the City Home Rule Law now make such a distinction entirely inadmissible as a reason for invalidating a charter amendment proposed to be made by a local law.

The order should be affirmed, without costs.

Lewis, Conway, Desmond, Dye, Fuld and Bromley, JJ., concur.

Order affirmed.