Harry T. Welty, Plaintiff, *v.* Francis J. Heafy, as City Clerk of the City of Yonkers, et al., Defendants.

Supreme Court, Special Term, Westchester County, October 29, 1951.

*William A. Walsh* for plaintiff.

*John H. Galloway, Jr., Corporation Counsel,* for Francis J. Heafy, as City Clerk, and others, defendants.

*Harry G. Herman, County Attorney,* for Walter W. Westall and another, constituting the Board of Elections of Westchester County, defendants.

DOSCHER, J. This is a taxpayer's action wherein plaintiff seeks to enjoin and restrain the submission of a proposed Local Law to a referendum under section 19-a of the City Home Rule Law to the voters of the City of Yonkers and further enjoining and restraining the canvassing of said Local Law or the putting of said Local Law into effect if the referendum be adopted.

In the action, plaintiff moves for a temporary injunction until the final determination of the action. The defendants who are officials of the city move for judgment on the pleadings under rule 112 of the Rules of Civil Practice. The defendants Commissioners of Election also move for judgment under rule 112.

By general agreement, the chief question is one of law, namely, is the proposed Local Law valid when tested by the amendment to section 19-a of the City Home Rule Law contained in chapter 721 of the Laws of 1951. This amendment added to the section the following paragraph: " No such proposed local law requiring the expenditure of money shall * * * become effective unless there shall be submitted as a part of such proposed local law, a plan to provide moneys and revenues sufficient to meet such proposed expenditures."

The Local Law involved in the case at bar provides for estimated expenditures of $750,000 per annum in granting to civil service employees salary increases and fixing the salaries at increased minimum levels. It further provides that the necessary funds shall be " raised by general taxation on real estate as far as permissible * * * and any additional moneys required * * * shall be raised by the imposition and collection of taxes * * * through enactment by the Common Council of one or more of the following local laws, the Common Council to determine which of the said local laws it shall enact to furnish the money necessary * * * provided the Common Council enact one or more of said local laws sufficient to provide revenue and moneys for the aforesaid purpose ". Then follows a listing of certain (though not all) types of permissive local taxes authorized by chapter 278 of

the Laws of 1947, as amended. Of these, a combination of two will yield an estimated $1,000,000; a combination of three others an estimated $725,000; and another an estimated $750,000. It was conceded, on the argument, that the city is within $18,000 of its limit on real estate taxes; hence, some form or forms of permissive taxes are necessary to effectuate any salary increase.

The crux of the entire case can be summed up by the questions, does the Local Law provide " a *plan* to provide moneys and revenues sufficient to meet such proposed expenditures " (italics mine); and, what was the legislative intent in requiring a " plan "?

Taking the questions in reverse, we can find some evidence of legislative intent in two factors, the timing of the legislation and the proposers of the statute. In October, 1949, the Court of Appeals decided in *Matter of Warden (Police Dept. of City of Newburgh)* (300 N. Y. 39) that by Local Law adopted by initiative and referendum, a city charter could be so amended that minimum salaries would be increased and the reduction thereof by the common council prohibited. The Local Law, in that case, did not have to provide any " plan " for the raising of revenues. The serious impact on the fiscal structure of any city by legislation of that type is readily apparent. Also, the electorate could have no way of knowing in what manner the necessary revenue would be raised and, therefore, could not intelligently exercise its franchise.

With these facts in mind, there was need for legislation to require the electorate, in voting expenditures, to also indicate a source or sources of revenue. At the instance of the New York State Conference of Mayors, legislation (in a compromise form) was enacted and is now known as chapter 721 of the Laws of 1951 (amendment to City Home Rule Law, § 19-a).

This background seems to, and does, indicate a desire on the part of the Legislature to have any proposed Local Law requiring expenditures at the same time indicate the means of raising the funds necessary. To read into section 19-a, as amended, a requirement that the " plan " must be so specific as to *require* a tax or group of taxes to be enacted is neither practical nor constitutional. Assuming, *arguendo*, that the " plan " must specify the tax or taxes to be enacted and the rate thereof, where it is a permissive tax, what would happen if the tax yielded insufficient revenue? How could the balance of the fund be raised? The legislative body would be allowed no discretion whatsoever if the tax specified would be required. More important, however, is the constitutional question.

Originally, and historically, the enactment of tax laws was a State function. By section 12 of article IX of the Constitution, it delegated that power to the cities. In section 11 of the City Home Rule Law, as amended, the power of the city to adopt and amend local laws for the levy and collection of city taxes is vested in the local legislative body. It has never been vested in the electorate; yet, that is what plaintiff proposes when he claims that the specific tax to be imposed must be set forth and that no discretion or choice be given to the common council.

Plaintiff has urged that the case of *Matter of Hardwick* v. *Kramer* (200 Misc. 207, affd. 278 App. Div. 1040, affd. 303 N. Y. 604) is controlling. The court disagrees with that contention. In the *Hardwick* case, the proposed Local Law provided that the necessary funds be raised by the common council " through the manner by which [it] is authorized by law and the Charter of the City of Kingston to raise money for salaries, governmental functions and purposes." Nothing further was proposed. Certainly under such a proposition, the electorate is as much in the dark as it was in the case of *Matter of Warden* (*supra*) where only the expenditure was provided.

In the case at bar, however, the electorate is put on notice. It is foretold what taxes it may have to meet. At the same time, the Constitution's grant to the local Legislature is not infringed. The purpose and intendment of the statute, section 19-a of the City Home Rule Law, has been complied with and, in my opinion, the Local Law, if adopted by referendum, would be valid.

Since the proposed Local Law is valid, the motions of the city officials and of the Commissioners of Election for judgment on the pleadings under rule 112 of the Rules of Civil Practice are granted. The application of plaintiff for a temporary injunction must be denied.

Submit orders accordingly.