Del Vecchio, J.
This is a motion by defendants for summary judgment dismissing the complaints upon the ground that a prior determination of the issue involved is conclusive and bars recovery by plaintiffs.
The actions arise out of an automobile accident which occurred in the State of New York and which caused the deaths of plaintiffs’ respective intestates, Petell and Venturini, who were passengers in the automobile driven by one O’Rourke and owned by the defendants, neither of whom was in the car.
A public liability insurance policy had been issued to the owners by the National Surety Corporation in the State of Pennsylvania insuring:‘ ‘ Any person while using the automobile and any person legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission.”
Plaintiffs commenced actions in the State of New Hampshire against 0 ’Rourke alleging that he was driving the car with permission of the owners and requesting the National Surety Cor *713 poration to defend O’Rourke and to pay any judgment which might be rendered against him. The National Surety Corporation refused on the ground that O’Rourke was not operating the car with the express or implied permission of the owners and therefore was not covered by the policy. Plaintiffs, claiming that they and O’Rourke were entitled to the benefit of the provisions of said policy, petitioned for a judgment declaring that the latter was operating the car with the express or implied permission of the owners and that the National Surety Corporation was obligated to defend O ’Rourke and to pay any judgment which plaintiffs might obtain against Mm.
After hearing testimony by the defendant Donald Sellers and two other witnesses, and reading the deposition of O’Rourke in which he admitted that the defendant Donald Sellers had refused to loan him the car because he, O’Rourke, was on restriction and it would “ get Sellers in trouble ”, the Superior Court of New HampsMre made the following findings: “ On the afternoon of September 6, 1951, Petell asked Donald Sellers if he could borrow his car and upon Sellers inquiring who was going with him he informed him that 0 ’Rourke was going, whereupon Sellers informed him he would not lend him -the car if O’Rourke was going with him in view of O’Rourke’s restriction. Some time later, Sellers and two other air force flight instructors, Philip B. Kennicutt and Robert M. Danek, were in the room of Kennicutt on the first floor of Barracks H43, where O’Rourke also had a room on the first floor and Sellers and Danek had a room on the second floor. Plaintiff’s decedent, John P. Venturini, came into the room bringing a note from Petell asking again for the loan of the car. Sellers refused the loan of the car again upon being told that O’Rourke was going with Petell. Shortly after that, Venturini returned again and informed Sellers that O’Rourke was not going but another man by the name of Tempo would accompany them in O’Rourke’s place. They had previously informed Sellers that they were going to the State Pair at Syracuse. Sellers gave the keys to Venturini to give to Petell, thereby giving permission to Petell to take the car accompanied by Venturini and Tempo.”
The court refused to grant plaintiffs’ request No. 15: “ That at the time of the accident on September 7, 1951 O’Rourke was driving the said automobile with the express or implied permission of defendants. ’ ’
The case was then transferred to the Supreme Court to determine among other things the following question of law: “ 2. Whether on the basis of the foregoing findings of fact, the use of the car at the time of the accident was with the permission *714 of the assured on the basis of the law governing the transaction. ”
The Supreme Court, after stating in its opinion that the issue to be determined was whether the actual use was with permission and that the findings of fact were unquestionably warranted by the evidence, held that: “ The particular use to which the car was being put, insofar as it was being driven by O’Rourke and used for his transportation, was neither actually nor impliedly within the limits of the permission granted by Sellers to Petell. Unlike the situation in Arcara v. Moresse, 258 N. Y. 211, where the thing forbidden related to the operation of the vehicle, the limitation upon the permission given in this case was that the car should not be used at all if O’Rourke was a passenger.”
Pursuant to the opinion, the court ordered, adjudged and decreed: “ (2). At the time of the accident in the State of New York on September 7, 1951, in which the petitioners’ decedents were killed, the particular use to which the Sellers’ car was being put was neither actually nor impliedly within the limits of the permission granted by Sellers and it was, therefore, a non-permissive use of the automobile within the meaning of the National Surety Corporation’s liability policy.”
The answers in these actions set forth as a defense that the final judgment in New Hampshire is a conclusive determination of the permissive use issue, sufficient to prevent any present recovery.
The plaintiffs contend that the New Hampshire court merely decided that the question of coverage was governed by the law of Pennsylvania and that the decision is not decisive on the question of permissive use. Plaintiffs overlook the fact that the court held as a matter of law that by the law of Pennsylvania, where the insurance policy was issued, the National Surety Corporation could be compelled to defend O ’Rourke and to pay any judgment obtained against him only if he was operating the car with permission of the owners. Such permissive use is what the plaintiffs sought to establish in their action for a declaratory judgment so as to compel the National Surety Corporation to defend and pay any judgment obtained against O’Rourke. That was the important issue decided by the court.
This court agrees with plaintiffs that in these actions the law of the State of New York governs concerning the use and operation of the automobile in question, and that defendants are liable only if the car was used with their permission. It is also agreed that when defendants concede they owned the car, that O’Rourke was negligent and that neither deceased passenger was eontributorily negligent a prima facie case of liability is established, because there is a presumption that the car was being used with *715 defendants ’ permission at the time of the accident. (Piwowarski v. Cornwell, 273 N. Y. 226.)
It is the contention of the defendants, however, that the judgment in New Hampshire conclusively overcomes the presumption of permissive use and therefore bars recovery.
The New Hampshire court held that the limitation upon the permission given was that the car should not be used at all if O’Rourke was a passenger; that he had no permission to operate the car and therefore the National Surety Corporation was not liable on the policy.
A similar determination by a New York court, viz., that the limitation upon the permission given was that the car should not be used at all if O’Rourke was a passenger, would prevent plaintiffs from recovering in this State. (See Arcara v. Moresse, 258 N. Y. 211, 214.)
Plaintiffs assert in their brief that defendants’ assumption that O’Rourke was driving the car at the time of the accident is not borne out by the evidence. It appears from the record however that O’Rourke admitted he was driving on the return trip, that Venturini was asleep in the front seat and Petell asleep in the rear seat, and that he, O’Rourke, was driving at the time of the accident and fell asleep. It also appears that O’Rourke later told Donald Sellers that he was driving the vehicle at the time of the accident.
The sole question to be determined on this motion is whether the New Hampshire judgments are conclusive on the issue of permissive use to bar recovery. The answer depends upon whether or not the doctrine of res judicata applies.
The rule is stated in Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350, 352): “ When issues on the same subject-matter have once been settled by litigation between the same parties or their privies, before a court of competent jurisdiction, and the estoppel of the judgment is mutual, that is to say that the other party would be bound if the original decision had been to the contrary, then in the interest of reasonable finality of litigation that decision should be conclusive. A well-recognized ‘ apparent exception to this rule of mutuality ’ exists where liability for the fault of an agent or servant or indemnitee is asserted against a principal, master or indemnitor. In such case where there has been a prior judgment in favor of the agent, servant or indemnitee rendered in an action brought against him by the same plaintiff, such judgment destroys the basis of liability asserted against the principal, master or indemnitor and constitutes a complete defense to the action thereafter brought against him. ’ ’
*716 It will be observed that the exception is invoked only in favor of one seeking to defend an action.
The cases in which the exception has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant and indemnitor and indemnitee. (Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 127.)
In Good Health Dairy Products Corp. v. Emery (275 N. Y. 14, 18) the court said: “ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and ‘ had full opportunity to litigate the issue of its responsibility.’ (See Liberty Mutual Ins. Co. v. Colon, 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.”
It seems that the exception as annunciated in the above cases and the reason therefor are applicable on this motion because both actions are by the same plaintiffs and, although the defendants are not identical, the liability of each is based upon the same facts.
The plaintiffs, under their own management, had a full and complete trial in New Hampshire on the issue of permissive use and should not now have a second opportunity to establish the same facts they failed to prove the first time.
Plaintiffs had a choice to sue in New York or in New Hampshire. In New York these defendants could be held liable only if O’Rourke was operating the car with permission; if he was so operating and plaintiffs obtained a judgment, the defendants would be indemnified by the National Surety Corporation. In New Hampshire the National Surety Corporation could be held liable only if 0 ’Rourke was operating the car with permission.
Under the rule of the Good Health and Elder cases, if plaintiffs were unsuccessful against the defendants in New York because of lack of permissive use they could not succeed in a second action in New Hampshire against the National Surety Corporation (indemnitor-indemnitee relationship). It seems to this court that since plaintiffs were unsuccessful against National *717 Surety Corporation in New Hampshire because of lack of permissive use, they should not be able to recover from defendants in New York. The relationship is still that of indemnitor and indemnitee and the fact that National Surety Corporation was sued first should not change the result. The liability of the defendants is dependent upon the same issue upon which their insurer has been exonerated. (See Jones v. Valisi, 111 Vt. 481; Thirty Pines, Inc., v. Bersaw, 92 N. H. 69, and Restatement, Judgments, § 96, subd. [1], par. [a].)
The issue of permissive use is necessarily the determining issue in each State. Having chosen to bring their actions in New Hampshire where plaintiffs have had their day in court on that issue, they should not be permitted to litigate the question again.
This court is of the opinion that the judgments in New Hampshire are conclusive and bar recovery by plaintiffs in New York.
Motion for summary judgment is granted.
Order accordingly.