Felix J. Aulisi, J.
This proceeding has been instituted by the petitioner, Anthony Mitrione, pursuant to section 19-a of the City Home Eule Law to compel the City Clerk of the Citv7 of Glens Falls to accept and act upon a petition for submission to the electors of that city of a proposed local law amending the City Charter. Mr. Mitrione is a resident and qualified elector of the City of Glens Galls. He is also a member of its Fire Department.
There appears to be no dispute that said petition containing the signature of 743 qualified electors, more than the 10% required, was filed on February 1, 1961, and that after a ruling by the City Clerk that the petition did not comply with all the requirements of law an additional petition containing the names of at least 5% of said voters who had not signed the original petition was filed with said Clerk on April 10, 1961.
The proposed local law set forth in the petition seeks to amend sections 77, 80 and 81 of title 6 of the Charter of the City of *807 Glens Falls to provide among other thing's minimum salary schedules for certain designated members of the Police and Fire Departments. On May 1,1961, the City Clerk in submitting the April 10, 1961, supplemental petition to the Mayor and members of the Common Council again stated that same did not meet the requirements of the provisions of such statute in that it purported to embrace more than one subject contrary to subdivision 3 of section 13 of the City Home Rule Law, and further that the proposed local law would require the expenditure of specific sums of money not theretofore required, contrary to subdivision 10 of said section 19-a.
The title of the proposed amendment reads as follows: “ A local law relating to the Police Department and to the Fire Department of the City of Glens Falls, for the purpose of establishing and enacting a minimum salary schedule to foster and promulgate the continuation in service and duty of officers and members of the Police and Fire Departments of the City of Glens Falls for the purpose of encouraging and rewarding the continuation of the members of such departments in service so as to secure for the city the benefits of such added experience, and further for the establishment in alignment with existing salary scales as paid in the year 1960 by other municipalities in the State of New York, and amending the following described sections and paragraphs of the Charter of the City of Glens Falls, New York.”
I am of the opinion that the words in the title which I have set forth in italics above are confusing and misleading for the reason that they attempt to embrace more than one subject (Economic Power & Constr. Co. v. City of Buffalo, 195 N. Y. 286 ; Mills v. Sweeney, 219 N. Y. 213 ; Matter of Dean, 230 N. Y. 1 ; Gaynor v. Village of Port Chester, 231 N. Y. 451). What is needed here is plain words which will give the voter an opportunity to choose whether or not he favors the establishment of a minimum salary schedule for policemen and firemen in the City of Glens Falls. The issue should not be confused with what some other municipality may pay. No doubt the salary scale in each city varies with local conditions. Some may be higher and others lower than the present scale in Glens Falls. Therefore my conclusion is that the petition is defective and should be dismissed. To avoid further delay in setting up the preliminary steps for the referendum it might be added that in my opinion the petition would be less objectionable if a separate one were filed for each department. This would give the elector a choice to vote in favor of one and oppose the other. As presently worded the voter has to be either for or against both policemen *808 and firemen, Finally it would be better for Mr. Mitrione or whoever may file the next petition, if one there he, to do so as an individual elector rather than “ on behalf ” of the Police and Firemen Associations for the reason that neither a membership corporation nor an unincorporated association may petition a municipality for a referendum unless there is statutory authority for it. No such authority exists.
The Oity Clerk’s ruling that the proposed local law is contrary to subdivision 10 of section 19-a does not impress me for the reason that the proposed amendment provides that “the increased expenditure for wages and salaries of approximately $70,000.00 per annum and the plan to provide funds for the same shall he obtained by general taxation on real estate This not only puts the electors on notice that the local law will cost more money but informs them how the money is planned to be raised. A more specific plan is not necessary (Welty v. Heafy, 200 Misc. 1010 ; City of Syracuse v. Wright, 1 Misc 2d 714). The petition is, therefore, dismissed, without costs and without prejudice.