## (October 30, 1963)

■ In the Matter of THEODORE R. KUPFERMAN, Appellant, v. HERMAN KATZ, as City Clerk of the City of New York, et al., Respondents.— Order, entered October 23, 1963, denying petition for judgment declaring invalid Local Law, No. 51 of the Local Laws of 1963 of the City of New York and enjoining submission of Proposition Number One to the voters on November 5, 1963, unanimously affirmed, without costs to any party. It is clear enough that in the absence of express statutory authority, an advisory referendum by a city is not authorized (Mills v. Sweeney, 219 N. Y. 213, 221). It is also clear that the City of New York possesses no such authority. It is equally clear that a legislative referendum is not authorized unless specifically required by statute (Matter of McCabe v. Voorhis, 243 N. Y. 401, 413, involving an abortive attempt to submit to the public the question of a rapid transit fare increase). It has also been held that a transparent attempt to formulate

a mandatory legislative referendum on some technical basis will not suffice, if in fact the attempt is really to avoid governmental responsibility and shift the burden of decision to a public poll (*Matter of Astwood* v. *Cohen,* 291 N. Y. 484, 490–491). On these premises, most of the court believe that the instant referendum could not survive analysis that it is an advisory, and, therefore, unauthorized referendum. The committee appropriation concededly could have been obtained in just slightly more than 10 days without submission to the voters (N. Y. City Charter, § 124, subd. [c]) — hardly a significant delay in view of the much greater time involved between the date of enactment in August and the projected submission to the voters in November. However, the applicable remedy is in the nature of mandamus involving the exercise of judicial discretion (*Matter of Ahern* v. *Board of Supervisors,* 6 N Y 2d 376, 381). Although the local legislation was enacted in the City Council on August 20, 1963, this proceeding was not instituted until October 14, 1963, and the related proceeding not until October 7, 1963. In the meantime all of the machinery and expenditure for the conduct of the referendum have gone forward. The delay in bringing the proceeding has not been adequately explained, is not justified, and is harmful (see 22 Carmody-Wait, New York Practice, § 297, p. 388; 1 N. Y. Jur., Administrative Law, § 169). Inexcusably delayed proceedings in election matters coming to judicial determination close to the eve of the polling are especially not to be encouraged. Consequently, on this ground the order is affirmed. Leave to appeal to the Court of Appeals is granted. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.