Howard A. Zeller, J.
“ Shall a proposed local law, to amend Section 3-17 and 5-17 of the Ithaca City Charter, to prohibit the fluoridation of the water supplied by the City be approved! ” This proposal was approved by a majority of the qualified voters of the city at the general election of November 2, 1965. In this taxpayer’s action plaintiff moves for summary judgment declaring this purported amendment of the city charter invalid. There are no factual issues requiring a trial. This court may not concern itself with the merit or folly of fluoridation but only with the legal issue of whether or not the local law is a legally adopted charter amendment. Immaterial to this judicial decision is the fact that over 200 municipalities in this State do fluoridate their water supplies, that the State Department *70 of Health does have the authority to grant municipalities permission to add fluorine compounds to drinking water supplies and that many scientific researchers believe such compounds are beneficial and not harmful.
By resolutions adopted on October 7 and November 4, 1964, the Common Council of the City of Ithaca voted to fluoridate the city’s water supply. Early in 1965, a petition signed by 10% of the qualified voters was transmitted to the Common Council in accordance with subdivision 2 of section 37 of the Municipal Home Rule Law. It requested submission to the electorate of the following local law (matters underlined constituting the proposed additions to the charter and matters in brackets the proposed omissions):
A local law to amend the Ithaca City Charter (New York Laws of 1908, Chapter 503), in relation to the fluoridation of the water supplied by the City of Ithaca
BE IT ENACTED BY THE COMMON council of the City of Ithaca as follows:
Section 1. Sec. 3-7, of Article III., of the Ithaca City Charter, is hereby amended to read as follows:
Sec. 3-7. General legislative powers.
The legislative power of the city is vested in the common council, and it has power to enact and enforce any ordinance or resolution, not repugnant to the constitution or laws of this state, for any local purpose pertaining to the government of the city and the management of its business, the protection of the business and property interests of its citizens, the preservation of order, peace and health, and the safety and welfare of the city and the inhabitants thereof[;], except that it shall not enact or enforce any local law or ordinance or resolution for any purpose pertaining in any manner to the fluoridation of the water under the control of the city or of the water department of the city government; and it shall also have such powers of legislation, by ordinance or resolution, as are conferred upon it by this act (L. 1908, Ch. 503), or any other provision of law affecting the city not inconsistent with this act (L. 1908, Ch. 503), except such as are specially conferred by this act (L. 1908, Ch. 503) upon any separate department or board of the city government. It shall have the management and control of the finances, and of all the property, real and personal, belonging to the city, except as otherwise provided by this act (L. 1908, Ch. 503) or by any other provision of law not inconsistent therewith. The powers conferred by this section are not limited by the enumerated powers in the following section. (L. 1908, Ch. 503, § 34.)
Section 2. Sec. 5-17, of Article V., as amended, of the Ithaca City Charter, is hereby amended to read as follows:
See. 5-17. Scope of authority of board of public works.
The board of public works shall take charge and, subject to the limitations herein contained, have exclusive control of, the following departments of the city government, of the property belonging thereto, and of the appropriations made therefor: (1) Water., except that it shall not in any manner fluoridate the water under the control of the water department of the city government. (2) Sewers and drains. (3) Streets and sidewalks. (4) Creeks and bridges. (5) Street lighting. (6) Parks. (7) Cemeteries. (8) Garbage. (9) Public buildings and property, but not buildings or property for use of the fire *71 department. (10) Sueli other departments as may be assigned to the board under the provisions of section one hundred and forty-five (5-43) of this act (L. 1908, Ch. 503). (L. 1908, Ch. 503, § 123; L. L. 1951, No. 1, § 1; L. 1953, Ch. 878, § 127; L. L. 1960, No. 2, § 1).
Section 3. The resolutions of the common council of the City of Ithaca made on October 7, 1964, and November 4, 1964, approving the fluoridation of the city’s water supply and directing the board of public works to implement said resolutions to provide for such fluoridation are hereby rescinded and repealed.
Section 4. This Local Law shall take effect upon the filing thereof in the Office of the Secretary of State.
On April 7, 1965, the Common Council voted to submit the proposed local law to the voters at the following general election. Thereafter pursuant to subdivision 6 of section 37 of the Municipal Home Buie Law another petition requesting the submission of the same proposed local law was filed. The City Clerk on June 8, 1965 requested the Election Commissioners to place on the ballot the proposal in the form heretofore quoted.
‘1 Direct legislation in cities must always rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception.” (Matter of McCabe v. Voorhis, 243 N. Y. 401, 413.)
Defendants urge that the Municipal Home Buie Law (adopted by the Legislature and effective January 1, 1964) permitted the submission of the proposed local law to the electorate. Plaintiff claims principally that the Municipal Home Buie Law did not authorize the submission of this proposed local law to the electorate as it was not in truth a charter amendment but an attempt by the electorate to nullify resolutions of the Common Council and to legislate in a field within which the electorate is not authorized to assert control directly.
Defendants cite Matter of Warden (Newburgh Police Dept.) (300 N. Y. 39) as the exact precedent for their position. Plaintiff claims that Matter of Astwood v. Cohen (291 N. Y. 484) mandates a judicial declaration that the local law is a subterfuge and not a genuine charter amendment.
Matter of Astwood was decided in 1943 by a 5-to-2 vote of the Court of Appeals. A petition had been filed with the City Clerk requesting submission to the electorate of New York City of a proposed local law providing for payment of a salary bonus to policemen and firemen. Noting that the City of New York operated under a short-form city charter and an administrative code, the majority of the court decided that the proposed local law would not amend the charter but only change portions of the administrative code and found nothing in the City Home Buie Law (the predecessor to the Municipal Home *72 Rule Law) which would permit direct action by the voters to change the administrative code. The majority of the Court of Appeals affirmed an order forbidding the Board of Elections to print the proposed local law on the election ballots. The dissenters stated that an amendment to a city charter could include ‘ ‘ not only corrections or alterations of an antecedent text but also additions wholly alien thereto.” (p. 491.)
In 1949 a unanimous Court of Appeals decided Matter of Warden (Newburgh Police Dept.) (300 N. Y. 39). A petition had been filed with the Newburgh City Clerk requesting submission to the electors of a proposed local law which purportedly would alter the city charter by adding a provision fixing minimum and annual salaries for members of the police department. A court proceeding was brought to prohibit the submission of the proposed local law to the voters on the grounds that (1) the proposed local law has no relation to any provision of the existing city charter and (2) the power to fix salaries is administrative rather than legislative and confined by the charter solely to the council of the city. The Supreme Court at Special Term dismissed these objections and the Appellate Division affirmed. The Court of Appeals also affirmed noting that the 1944 amendment to the City Home Rule Law (L. 1944, ch. 602) permitted such an amendment to the Newburgh Charter which contains many provisions respecting matters of assessments and local taxes, the operation and control of public works, the supply of water and the organization and regulation of the police and fire departments. The Court of Appeals distinguished Astwood on the ground that the City of New York Charter was a ‘ ‘ short-form ’ ’ charter and a ‘ ‘ mere skeleton or framework of governmental structure ” unlike the Newburgh Charter.
The 1944 amendment to the City Home Rule Law provided in section 2: “ (5) the term ‘ charter amendment ’ means any change in an existing charter presented as such under authority of this chapter or any charter or state statute. A charter amendment may be of any extent and may deal with any number of subjects.” It further provided in section 19-a that a charter could be amended “ however extensively ”.
The Court of Appeals in Matter of Warden stated that the 1944 amendment to the City Home Rule Law wiped out any distinction between a charter amendment relating to an administrative rather than a legislative power. It also questioned— but did not decide — whether the 1944 amendment would permit additions unrelated to existing provisions of a short-form charter, (p. 43.)
*73 Matter of Warden when read with the Ithaca City Charter and the applicable sections of the Municipal Home Rule Law is persuasive authority for declaring that the local law prohibiting fluoridation is in fact an amendment to the Ithaca City Charter and valid.
Section 2 of the Municipal Home Rule Law defines “ Charter ” and ‘ ‘ Charter amendment ’ ’ as follows:
“ 1. ‘ Charter.’ A state statute or a local law which establishes or continues a specific county, city or village as a municipal corporation or body politic and includes the fundamental provisions defining, extending or limiting its corporate powers or affecting the framework of its government.
“2. ‘ Charter amendment.’ A new charter or any change in an existing charter presented as such under authority of this chapter or any state statute or charter. A charter amendment may be of any extent and may deal with any number of subjects.”
Section 37 of the Municipal Home Rule Law authorizes amending city charters ‘ ‘ however extensively. ’ ’
Even prior to the 1944 amendment to the City Home Rule Law the Court of Appeals stated that it did not consider that amendments to city charters need be limited to those ‘ ‘ which affect structure only.” (Matter of Astwood, supra, p. 488.)
The Ithaca City Charter is not a “ short-form ” charter. For example it grants the Common Council authority to pay a cost of living bonus to employees during a war emergency (Local Laws, 1943, No. 1; Local Laws, 1950, No. 3); it details the duties of the Fire Marshal (L. 1912, ch. 139); it authorizes the Mayor to appoint a Police Commissioner but prohibits the appointment of one who is interested in a saloon or hotel or concerned in the manufacture or sale of spirituous or malt liquors, ale or beer (L. 1908, ch. 503, § 21); it provides the Common Council shall hold regular meetings on the first Wednesday of each month (L. 1908, ch. 503, § 31); it fixes the fees to be charged on unpaid taxes (L. 1908, ch. 503, § 41; L. 1921, ch. 513, § 1); it sets forth the form of a summons to be used in a City Court civil action (L. 1931, ch. 415, § 25).
The charter vests the Common Council with the power to enact and enforce ordinances or resolutions “ pertaining to * * * the preservation of order, peace and health, and the safety and welfare of the city and the inhabitants thereof” (L. 1908, ch. 503, § 34). In addition it confers on the Common Council the power to direct the location of slaughterhouses, to prevent the flying of kites having a tendency to endanger persons or frighten horses, to restrain the running at large of cattle, *74 swine, goats and geese, to require suitable fire escapes, and to regulate or prohibit a variety of other matters. (L. 1908, ch. 503, § 35; L. 1910, ch. 455, § 2; L. 1910, ch. 462, § 1; L. 1917, ch. 425, § 1.)
Thus it is clear that the Ithaca City Charter is no “ mere skeleton or framework of governmental structure ”.
The test enunciated in Astwood and applied in Warden is whether ‘ ‘ the proposed law is in truth an amendment of the Charter or is so far unrelated to the Charter as to be an amendment only in name ”. (Matter of Warden, 300 N. Y. 39, 42, supra.) The amendment prohibiting fluoridation of the water supply relates to the power of the Common Council to regulate ‘ ‘ health and the safety and welfare of the city and the inhabitants thereof.” It places a limitation on such power. It does meet the test of being in truth — and not in name only — -an amendment to the detailed Charter of the City of Ithaca.
Plaintiff’s other objections relate at most to procedural or technical defects which are not of sufficient substance to invalidate the local law.
Plaintiff’s motion for summary judgment should be denied. Summary judgment dismissing the complaint upon the merits should be granted (CPLR 3212, subd. [b]).