CORTLAND CITY CHARTER (CH. 160 L. 1900); CORTLAND CITY WATERBOARD ACT (CH. 698 L. 1907); MUNICIPAL HOME RULE LAW §§ 2(2),10(4[c]), 20(3), 36, 37, 40
The authorization for a charter amendment to be of any extent and to deal with any number of subjects is intended to release a charter amendment from the limitation to a single subject matter of a local law but is not necessarily intended to open the whole gamut of legislation to treatment as a charter amendment.
The term "charter amendment" includes a new charter.
Although the City of Cortland may amend the Cortland City Water Board Act by local law, it may not, by local law or charter amendment or revision, make the Cortland City Water Board Act a part of the Cortland City Charter. This may be done by a special act of the Legislature on a home rule request.
Until the Cortland City Water Board Act is made a part of the Charter of the City of Cortland, a charter revision commission has no jurisdiction to consider that act in its deliberations and recommendations and the act may not be amended through the petition process.
HON. THOMAS P. GILHOOLEY Corporation Counsel, Cortland
We acknowledge receipt of your letter concerning the Cortland City Charter Commission. You point out that the City Charter of the City of Cortland constitutes Chapter 160 of the Laws of 1900 and that by special act seven years later, Chapter 698 of the Laws of 1907, the Legislature provided for the City of Cortland water board. You inquire whether a proposed new charter may be submitted to the electors, or a local law may be enacted by the common council of the city, to merge the City of Cortland water board into the city government of the City of Cortland as a department of that government.
The original city charter of the City of Cortland was a detailed statute which established and incorporated the city. It contained the fundamental provisions defining and limiting the corporate powers of the city and affecting the framework of its government. It is not what has been termed in Matter of Warden (NewburghPolice Department), 300 N.Y. 39, at p. 42 (1949), a mere skeleton or framework of governmental structure. However, the city charter as originally enacted and as amended from time to time by special act of the Legislature and by local law makes no reference to providing water and water service in the city. It is completely silent on this subject. Most city charters make detailed provision for this. To this extent, then, the Charter of the City of Cortland is not a complete framework of local government.
Chapter 698 of the Laws of 1907, which was designated "an act to establish and maintain a water department in and for the City of Cortland" did not in specific terms amend the city charter or place the content of that act within the city charter. It was a separate and distinct statute. The act applied only to the City of Cortland and did in fact make operation of the water department a city function; a board of six water commissioners was created, the original members of which were named in the act, which provided that as initial terms of commissioners expired the mayor would appoint successors, subject to confirmation by the common council and vacancies in office of commissioner would be filled by the same procedure; the mayor was an ex officio
member and was president of the board but was given no vote upon appointments, employments or removal of appointees; water commissioners were required to be residents of the city and were subject to removal in the manner and for the cause provided in the city charter for removal of city officers; resignations of commissioners were to be filed with the city mayor; Constitutional oaths of office were required of commissioners; the city clerk was made secretary to the water board and the city chamberlain was its treasurer. The water board was given authority to acquire, construct, maintain, control and operate a water works system and to furnish the city and its inhabitants with water and could employ officers and employees to fulfill this function; it was authorized to condemn real property in the name of the city or acquire real property by deed in the name of the city; the water department's bonds were made city bonds subject to the constitutional limitations on city indebtedness; provision was made for general tax to be levied by the common council to provide any shortage of operating revenue and principal and interest charges if water rents in any year were insufficient for this purpose. The act authorized the water board to purchase all or a portion of the real and personal property and/or franchises of a private water works company.
Chapter 698 of the Laws of 1907 was a special law "conferring a right, power or authority, or imposing a duty or obligation, on" the City of Cortland and as such, may be amended by the City of Cortland by local law under the provisions of the former City Home Rule Law and the present Municipal Home Rule Law § 10, subdivision 4, paragraph c.
The sole question involved is whether the city, by local law, charter amendment or charter revision has the authority to make the act to establish and maintain a water department in and for the City of Cortland a part of the charter of the City of Cortland which was enacted by a different state statute.
A local law may embrace only one subject. (Municipal Home Rule Law § 20, subdivision 3.) A charter amendment may be of any extent and may deal with any number of subjects and the term "charter amendment" includes a "new charter". (Municipal Home Rule Law § 2, subdivision 2.) In our opinion, the authorization for a charter amendment to be of any extent and to deal with any number of subjects is intended to release a charter amendment from the limitation to a single subject matter of a local law but is not necessarily intended to open the whole gamut of legislation to treatment as a charter amendment.
In Matter of Astwood v. Cohen, 291 N.Y. 484, it was held that the chief question was whether "the proposed law is in truth an amendment of the Charter or is so far unrelated to the Charter as to be an amendment only in name. * * * In applying the statutory test to the proposed local law we must relate the law to the short form Charter of the City of New York and determine whether the law is in truth an amendment of the Charter or is merely labeled as such." Using that test the Court rejected the local law. Astwood was decided in 1943. The statute involved was the City Home Rule Law, a predecessor statute to the present Municipal Home Rule Law. The City Home Rule Law was liberalized by amendment (Chapter 602 of the Laws of 1944) after which the Court of Appeals, in Matter of Warden (Newburgh PoliceDepartment), supra, concluded that the charter of the City of Newburgh was no mere skeleton or framework of governmental structure like the charter of the City of New York but was a detailed scheme of government. The Court decided that a proposed local law relating to an element contained in the charter of the City of Newburgh was a proper exercise of the home rule power. However, the Court carefully avoided overruling Astwood,
stating at page 43:
 "Whether the above 1944 amendments to the City Home Rule Law permit additions to a short-form charter of matters unrelated to existing provisions thereof is a question which is not here presented."
Similarly, in Matter of Cassese v. Katz, 26 A.D.2d 248, affd.18 N.Y.2d 694 (1966), the Appellate Division, First Department, in construing the present Municipal Home Rule Law §§ 2 and 37, which contain the material formerly contained in the City Home Rule Law interpreted in Astwood and Warden, stated:
 "* * * Accordingly, as we read the opinions of the Court of Appeals, it would appear that the short-form charter of the City of New York may be validly amended by the procedure of initiative and referendum if the proposed local law, whether of a `legislative' or `administrative' character, alters or changes any provision contained in the charter, although it would appear to be an open question whether additions to the charter unrelated to its existing provisions may be accomplished by such procedure."
On the appeal to the Court of Appeals the decision was affirmed on the basis that the proposed local law did apply to matters contained within the context of the New York City Charter and that the Court decided no other question.
In Hacker v. Common Council of the City of Ithaca, 49 Misc.2d 69
(1966), Justice Zeller reviewed the authorities and reached the following conclusion, at page 74:
 "The test enunciated in Astwood and applied in Warden is whether `the proposed law is in truth an amendment of the Charter or is so far unrelated to the Charter as to be an amendment only in name'. (Matter of Warden, 300 N.Y. 39, 42, supra.) The amendment prohibiting fluoridation of the water supply relates to the power of the Common Council to regulate `health and the safety and welfare of the city and the inhabitants thereof.' It places a limitation on such power. It does meet the test of being in truth — and not in name only — an amendment to the detailed Charter of the City of Ithaca."
The 1944 amendment to the City Home Rule Law was a subject of discussion in Warden and the Court equated a city charter amendment, even to the extent of creation of a new charter, under section 2 of the City Home Rule Law, with the permission under section 19-a of the City Home Rule Law to initiate a charter amendment, however extensive, so that although the foregoing cases relate to proposed charter amendments brought up by petition, the judicial reasoning is equally applicable to charter amendments or new charters presented by a city council or by a charter commission. The present provisions of Municipal Home Rule Law §§ 2 and 37 are so similar that the same conclusions follow, as is demonstrated by Hacker and by Cassese.
In our opinion, the charter of the City of Cortland falls between a skeleton charter, such as is described in Astwood andCassese and a complete framework of city government, such as is described in Warden and Hacker. It is questionable whether the City of Cortland, by local law or charter amendment, or a charter amendment proposed by a charter revision commission or initiated by petition can make the act to establish and maintain a water department in and for the City of Cortland a part of the city charter of the City of Cortland. We recommend that the procedure to be used is to request special legislation pursuant to Municipal Home Rule Law, § 40, making the act to establish and maintain a water department in and for the City of Cortland a part of the city charter.
In summary, it is our opinion that the Cortland City Water Board Act is not now a part of the charter of the City of Cortland but it may be amended by the city council by local law. It may not be made a part of the charter of the City of Cortland by local law or by charter amendment, either a charter amendment initiated by a charter commission, by petition or by action of the city council. The State Legislature may, by special act, make the City Water Board Act a part of the city charter after which it, along with the rest of the city charter, may be amended by local action.