Denis R. Hurley, Esq. Special Counsel to Town Board Town of Southampton
As special counsel to the town board of the Town of Southhampton, you have asked whether the State Legislature has the authority to pass a special act to enable the Town of Southhampton to enact a local law that would provide for the adoption of local laws or ordinances by initiative and referendum.
It is clear that absent statutory authorization from the State Legislature, a town may not adopt initiative and referendum procedures (Matter of McCabe v Voorhis, 243 N.Y. 401 [1926]; Mills v Sweeney,219 N.Y. 213 [1916]; Kupferman v Katz, 19 A.D.2d 824 [1st Dept, 1963];Silberman v Katz, 54 Misc.2d 956 [Sup Ct, N Y Co, 1967], affd28 A.D.2d 992; 5 McQuillin, Municipal Corporations, § 16.49, pp 200-201; see also, our opinion of September 18, 1980, a copy of which is enclosed, 1979 Op Atty Gen 188 and 1979 Op Atty Gen 253).
As the Court of Appeals stated in the leading case of Matter of McCabe vVoorhis, supra, p 413:
 "Direct legislation in [municipalities] must also rest on some constitutional or statutory grant of power. Government by representation is still the rule. Direct action by the people is the exception."
Thus, a municipality has no inherent home rule power to provide for initiative and referendum.
However, we see no reason why the State Legislature cannot enact a special law authorizing the Town of Southhampton to adopt initiative and referendum procedures. Generally it has been held that unless forbidden by the State Constitution, the State Legislature has the power to authorize municipalities to adopt initiative and referendum procedures (5 McQuillin, supra, § 16.50, p 202). The New York Constitution does not prohibit the adoption of initiative and referendum procedures.
In 1978, the State Legislature passed a special act which authorized Suffolk County to amend its county charter to provide for initiative and referendum procedures (L 1978, ch 701). We are of the opinion that the State Legislature may also authorize the Town of Southhampton to adopt a local law which will provide for initiative and referendum procedures. (We note that initiative and referendum granted to a town would be broader in theory than the grant to Suffolk County because the latter is limited to amendments of the county charter. Towns do not have charters; they operate under the Town Law, which is their "charter". In practice, courts have difficulty determining the propriety of using initiative to "amend" a charter to include something that normally would be the subject of a local law or an ordinance. See Matter of Cassese v Katz, 26 A.D.2d 248
[1st Dept, 1966] affd 18 N.Y.2d 694; Hacker v Common Council of the Cityof Ithaca, 49 Misc.2d 69 [Sup Ct, Tompkins Co, 1966]; 1976 Op Atty Gen 201.)
You have also asked whether there are any limitations on the type of legislation that could be adopted by way of initiative and referendum.
The power of initiative and referendum may be conferred by the Legislature upon a municipality with respect to matters that are within the realm of municipal home rule power. (See, 5 McQuillin, supra, § 16.54, p 208; Municipal Home Rule Law, §§ 10 and 11.) Obviously, the exercise of the power of initiative and referendum must be consistent with constitutional and statutory provisions. See, 5 McQuillin, supra,
§ 16.50, p 202. In this connection, we note that a town's power to supersede its "charter" — that is, the Town Law — is restricted (Municipal Home Rule Law, § 10[1][ii][d][3]). Presumably, the Legislature would impose the same restrictions on the use of initiative and referendum.
Our views are limited to the power of the Legislature to pass a special act granting your town the power to initiate local laws.
We conclude that the State Legislature has the authority to pass a special act to enable the Town of Southhampton to enact a local law that would provide for the adoption of local laws or ordinances by initiative or referendum. The subject matter of the local laws or ordinances would have to be within the home rule power of the town and would have to be consistent with constitutional and statutory provisions.