Matter of Futia v Town of N. Castle (2020 NY Slip Op 04476)





Matter of Futia v Town of N. Castle


2020 NY Slip Op 04476


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-07244
 (Index No. 3199/17)

[*1]In the Matter of Anthony Futia, et al., appellants,
v
Town of North Castle, et al., respondents.


Lewis B. Oliver, Jr., Albany, NY, for appellants.
Silverman & Associates, White Plains, NY (Gerald S. Smith of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents, among other things, to conduct a special election concerning term limits of the Town Supervisor and members of the Town Board of the Town of North Castle, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated April 10, 2018. The order and judgment granted the respondents' motion, in effect, pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition for failure to state a cause of action and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
On September 5, 2017, the petitioners, qualified electors of the Town of North Castle, filed a petition with the Town Clerk for a referendum pursuant to Town Law § 81(4). The petition, which contained 401 signatures, called upon the Town and the Town Board of the Town of North Castle (hereinafter the Town Board) to hold an election on a proposition to limit the terms of the Town Supervisor and members of the Town Board to "no more than two consecutive terms." The Town Board did not reject the petition but took no further action on it, on the advice of counsel. The Town Attorney concluded that Town Law § 81 did not permit a referendum concerning term limits.
The petitioners commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents, among other things, to place the proposition on the ballot for a special election. The respondents moved to dismiss the petition, in effect, pursuant to CPLR 7804(f) and 3211(a)(7) for failure to state a cause of action, arguing that mandamus does not lie inasmuch as neither the Town Law nor Municipal Home Rule Law permit the issue of term limits to be the subject of a referendum. The Supreme Court granted the motion and, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). A town may not submit a proposition to the electorate in the absence of express statutory authority permitting it to do so (see Matter of McCabe v Voorhis, 243 NY 401, 413; Matter of Greene v Town Bd. of Town of [*2]Warrensburg, 90 AD2d 916, 917; Matter of Kupferman v Katz, 19 AD2d 824, affd 13 NY2d 932). Town Law § 81(1)(d) specifically provides that: "The town board may upon its own motion and shall upon a petition . . . cause to be submitted at a special or biennial town election, a proposition . . . [t]o vote upon or determine any question, proposition or resolution which may lawfully be submitted, pursuant to this chapter or any general or special law." That language only operates if submission of the proposition to the electorate has been specifically validated by some other law (see Matter of Greene v Town Bd. of Town of Warrensburg, 90 AD2d at 917). The petitioners have failed to set forth separate statutory authority for a public referendum on this particular issue (see id).
There being no statutory basis for a public referendum on this particular issue, the petition fails to adequately allege a clear legal right to the relief sought. Therefore, we agree with the Supreme Court's determination to grant the respondents' motion to dismiss the petition for failure to state a cause of action (see Willow Woods Manufactured Homeowner's Assn., Inc. v R & R Mobile Home Park, Inc., 81 AD3d 930, 934).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court